WHATLEY, Judge.
 

 A.B. appeals an order terminating her parental rights to her son, T.M. Both the Department of Children and Family Services and the Guardian ad Litem Program filed a concession of error, acknowledging that the trial court’s order must be reversed because the court failed to address the manifest best interests of the child. In the trial court’s order, it stated that the “court will consider the manifest best interest of the child at a subsequent proceeding.” In the Department’s concession of error, it notes that the trial court did not conduct a subsequent proceeding concerning the child’s manifest best interests.
 

 Section 39.810, Florida Statutes (2009), provides as follows, “In a hearing on a petition for termination of parental rights, the court shall consider the manifest best interests of the child.” The statute notes eleven factors that a trial court must consider and evaluate in determining the manifest best interests of the child.
 
 See In re A.C.,
 
 751 So.2d 667, 669 (Fla. 2d DCA 2000) (“[i]n the absence of written findings, the final judgment does not satisfy the statutory requirement that the trial court consider and evaluate the manifest best interests of the children.”); In
 
 Interest of C.K.,
 
 601 So.2d 1331, 1331 (Fla. 2d DCA 1992) (holding that trial court’s failure to consider or evaluate the statutory factors in determining that termination of parental rights was in the manifest best interests of the child was reversible error).
 

 Accordingly, we reverse the order terminating the Mother’s parental rights and remand with directions that the trial court conduct further proceedings to consider each factor in section 39.810 and enter a written order evidencing its findings.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and KELLY, J., Concur.